# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br><br>DAWN MAZZACCARO and JEAN M. SCOTT,<br><br>　　　　　Defendants. | Civil Action No.: 2:19-CV-21331<br><br><br><br>**INTERPLEADER COMPLAINT** |

Plaintiff, The Prudential Insurance Company of America (hereinafter "Plaintiff" or "Prudential"), through its undersigned counsel, files this Complaint for Equitable Interpleader against Defendants, Dawn Mazzaccaro and Jean M. Scott, and in support thereof alleges and says as follows:

## THE PARTIES

1. Prudential is an insurance company organized and existing under the laws of the State of New Jersey, with its principal place of business in Newark, New Jersey.

2. Upon information and belief, Defendant, Dawn Mazzaccaro ("Dawn"), is an adult individual who is domiciled in New Jersey and resides 12 River Road, Montville, NJ. Upon information and belief, Dawn is the daughter of the Insured.

3. Upon information and belief, Defendant, Jean M. Scott ("Jean"), is an adult individual who is domiciled in New York and resides at 148 Old Cahoonzie Road, Sparrow Bush, NY. Upon information and belief, Jean is the ex-wife of Donald R. Scott (the "Insured").

## JURISDICTION AND VENUE

4. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1335, because there is diversity of citizenship between two or more of the defendants and the amount in controversy exceeds $500.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1397 and 29 U.S.C. § 1132(e)(2), because it is the judicial district in which one of the Defendants resides.

## FACTS SUPPORTING INTERPLEADER

6. On or about July 28, 1967, Prudential issued the Insured a family life insurance policy bearing Policy Number D40 725 673 (the "673 Policy"), insuring the life of the Insured in the face amount of $5,000 ("Death Benefit 673"). Attached hereto as Exhibit A is a true and correct copy of the specimen copy of the 673 Policy.[1]

7. The original beneficiary to the 673 Policy was Jean M. Scott, who was the Insured's wife at the time. The "Children of the Insured" were designated as contingent beneficiaries. See Exhibit A.

8. On or about March 28, 1971, Prudential issued the Insured a second family life insurance policy bearing Policy Number D40 890 314 (the "314 Policy"), insuring the life of the Insured in the face amount of $5,000 ("Death Benefit 314"). Attached hereto as Exhibit B is a true and correct copy of the specimen copy of the 314 Policy.[2]

---

[1] Due to the volume of individual life insurance policies it issues, Prudential does not maintain copies of every individual life insurance policy it issues. However, under certain circumstances, Prudential can create a "specimen" policy from its internal systems. A specimen contract, while not an exact duplicate of the policy that is issued, contains the basic contract provisions that are in the individual life insurance policy. The specimen policies do not contain variable information such as location of the field office and the data pages containing additional variable information pertaining to each specific contract of insurance. Data pages for each life insurance policy issued by Prudential are imaged and maintained on Prudential's computer system.

[2] Due to the volume of individual life insurance policies it issues, Prudential does not maintain copies of every individual life insurance policy it issues. However, under certain circumstances, Prudential can create a "specimen" policy from its internal systems. A specimen contract, while not an exact duplicate of the policy that is issued, contains the basic contract provisions that are in the individual life insurance policy. The specimen policies do not

9. The original beneficiary to the 314 Policy was Jean M. Scott, who was the Insured's wife at the time. The "Children of the Insured" were designated as contingent beneficiaries. See Exhibit B.

10. On or about February 22, 1973, the Insured submitted a Beneficiary Provision form to Prudential, again designating Jean M. Scott as the primary beneficiary and the "Children of the Insured" as contingent beneficiaries, as to both the 673 and 314 Policies. Attached hereto as Exhibit C is a true and correct copy of the Beneficiary Provision form.

11. On September 8, 2003, the Insured and Jean divorced. The Final Judgment of Divorce was granted in New Jersey pursuant to N.J.S.A. 2A:34-2(d). Attached hereto as Exhibit D is a copy of the September 8, 2003 Final Judgment of Divorce, as provided to Prudential.

12. In response to the Insured's request for beneficiary information on the 673 and 314 Policies, by letter dated January 12, 2017, Prudential advised the Insured that Jean was the primary beneficiary and the "Children of the Insured" were contingent beneficiaries. Attached hereto as Exhibit E is a true and correct copy of the January 12, 2017 letter.

13. The Insured died of cardio-respiratory arrest due to coronary artery disease on November 22, 2018. Attached hereto as Exhibit F is a copy of the death certificate, as provided to Prudential.

14. On or about January 11, 2019, Jean filed a claim for Death Benefit 673 and Death Benefit 314 (collectively, "Death Benefits"). She indicated on that claim form that she was divorced. Attached hereto as Exhibit G is a true and correct copy of the Life Insurance Claim form.

---

contain variable information such as location of the field office and the data pages containing additional variable information pertaining to each specific contract of insurance. Data pages for each life insurance policy issued by Prudential are imaged and maintained on Prudential's computer system.

15. New Jersey's Uniform Probate Code <u>N.J.S.A.</u> 3B:3-14 provides that a divorce revokes any beneficiary provision that names a former spouse, unless: (1) the terms of the divorce decree, court order, or marital agreement specifically provide otherwise, (2) the beneficiary provision is irrevocable, or (3) the Insured remarries the former spouse or nullifies the divorce. Further, pursuant to <u>Hadfield v. Prudential Insurance Company</u>, 973 A.2d 387 (2009), the New Jersey Appellate Court held that <u>N.J.S.A.</u> 3B:3-14 applies retroactively.

16. By letter dated February 14, 2019, Prudential advised Jean that under New Jersey law, a former spouse is revoked as the beneficiary of a life insurance policy, unless the divorce decree, court order, or marital agreement specifically names the former spouse as the beneficiary of the life insurance policy. Because the Final Judgment of Divorce provided by Jean did not state that Jean was to remain the beneficiary under the 673 and 314 Policies, Prudential advised Jean that she was no longer the beneficiary. Prudential advised that if it did not receive additional documentation in support of her claim within two weeks, it would contact the contingent beneficiaries to submit a claim for the proceeds. Attached hereto as Exhibit H is a true and correct copy of the February 14, 2019 letter.

17. Upon information and belief, Dawn is the only child of the Insured.

18. By letter dated February 21, 2019, Jean advised Prudential that she "retained an attorney to investigate this matter" and requested that she be given 30 days from the February 14 letter to obtain the appropriate documents. Attached hereto as Exhibit I is a true and correct copy of the February 21, 2019 letter.

19. By letter dated February 28, 2019, Jean's counsel, Bruce C. Dunn, Sr., Esq., requested, among other things, complete copies of the 673 and 314 Policies and all communications between the Insured and Prudential. He further contended that, because the

Policies were "fully paid and intact" during the marriage, and that the New Jersey revocation Statute was not enacted until after the divorce, Jean has a vested interest in the Policies. Attached hereto as Exhibit J is a true and correct copy of the February 28, 2019 letter.

20. By letter dated March 19, 2019, Prudential advised Mr. Dunn that it does not maintain copies of the policies and therefore could not provide them, and that it could not provide copies of correspondence between the Insured and Prudential due to the confidentiality of Prudential's records. Prudential further advised that even though the Scotts' divorce was finalized before enactment of the Statute, the Statute still applies under New Jersey law. It further advised that New Jersey law in this case would revoke a beneficiary designation made by the policyowner to the former spouse prior to divorce because Jean had not provided any documentation that shows that Jean's rights as a beneficiary were to remain intact. Attached hereto as Exhibit K is a true and correct copy of the March 19, 2019 letter.

21. By letter dated March 25, 2019, Mr. Dunn appealed Prudential's decision and disputed Prudential's legal analysis, contending that the Policies themselves were the "governing instruments" and reiterating, among other things, that the Policies were "paid up" and owned by both parties during the marriage. He advised Prudential that Jean had an interest and a right to the Death Benefits. Attached hereto as Exhibit L is a true and correct copy of the March 25, 2019 letter.

22. By letter dated April 9, 2019, Prudential responded to Mr. Dunn's appeal letter and advised that it maintains its previous position in which it considers Jean, the ex-spouse of the Insured, revoked as the primary beneficiary, and therefore not entitled to the proceeds of the Policies. Prudential reiterated the basis for this decision and, again, offered Jean the opportunity

5

to provide additional documentation in support of her claim within 15 business days. Attached hereto as Exhibit M is a true and correct copy of the April 9, 2019 letter.

23. By letter dated April 24, 2019, Mr. Dunn responded to Prudential's letter reiterating, among other things, Jean's position that she is entitled to the proceeds of the Policies and that her designation as the primary beneficiary has not been revoked. Attached hereto as Exhibit N is a true and correct copy of the April 24, 2019 letter.

24. By letter dated May 9, 2019, Prudential advised Dawn (the Insured's daughter) that Jean made a claim for the Death Benefits to the Policies, but informed Dawn that Jean's rights as beneficiary were revoked under the New Jersey divorce revocation Statute, and that it was contractually obligated to pay the proceeds of the Policies to the contingent beneficiaries, the children of the Insured. Attached hereto as Exhibit O is a true and correct copy of the May 9, 2019 letter.

25. By letter dated May 9, 2019, Prudential reiterated to Mr. Dunn that it had determined that Jean's rights as the beneficiary under the Policies are revoked under the New Jersey divorce revocation Statute. Prudential acknowledged that the Death Benefits are payable under the Policies, but that its contractual obligation was to pay the proceeds of the Death Benefits to the contingent beneficiaries and that Jean's continued claim for the Death Benefits creates a potentially adverse claimant situation in which Prudential is not able to make a determination as to the proper payee and is faced with the potential of multiple lawsuits and duplicate liability if payment is paid to one party over another. Prudential advised that it would refrain from filing an interpleader action for 30 days to give all parties an opportunity to resolve all disputes regarding the insurance proceeds. Attached hereto as Exhibit P is a true and correct copy of the May 9, 2019 letter.

26. By letter dated June 7, 2019, Mr. Dunn advised Prudential that Jean and the Insured were co-owners of the policies, that they specifically chose not to designate contingent beneficiaries, and that Jean is not aware of anyone else making a claim for the Death Benefits. He again demanded that Prudential pay the Death Benefits to Jean. Attached as Exhibit Q is a true and correct copy of the June 7, 2019 letter.

27. By letter dated June 13, 2019, Prudential advised Mr. Dunn that its records indicate that Jean is not a co-owner of the policies and that the only owner of the policies was the Insured, who had authority to change the beneficiary designations. Accordingly, Prudential reiterated its position, and advised Mr. Dunn that it reached out to Dawn, informing her of Prudential's position and urging her to reach out to Jean for resolution. Attached hereto as Exhibit R is a true and correct copy of the June 13, 2019 letter.

28. To date, upon information and belief, no resolution has been reached among the potential beneficiaries.

29. Jean's continued claim for the Death Benefits creates a potentially adverse situation in which Prudential is not able to make a determination as to the proper payee, and therefore Prudential has not paid the Death Benefits.

30. Prudential claims no title to or interest in the Death Benefits and is ready and willing to disburse the benefits payable, but Prudential is unable to make that determination without exposing itself to double or multiple liability on account of the competing claims made by or available to the Defendants.

31. Prudential has no means other than this Interpleader of protecting itself against multiple conflicting or potentially conflicting claims and possible multiple litigation as to disbursement of the Death Benefits on the part of Defendants.

32. Prudential is a mere stakeholder in this action, having and claiming no interest in the Death Benefits. Prudential is ready, willing, and hereby offers to deposit the Death Benefits into the Court, or with a person duly authorized by the Court to receive it.

**WHEREFORE**, Prudential respectfully requests that this Court grant the following relief:

A. Directing Prudential to pay the Death Benefits into this Court;

B. Directing the Defendants to interplead their rights to such sum;

C. Restraining the Defendants, and each of them, from instituting any action against Prudential to recover such sum;

D. Discharging Prudential from all liability to the Defendants arising out of the matters herein set forth upon payment of the Death Benefits into this Court;

E. Entry of an Order awarding Prudential payment of its reasonable attorneys' fees and costs necessitated by the bringing of this action; and

F. Such other relief as is deemed just and proper.

Dated:  December 12, 2019

Respectfully submitted,

/s/ Jaclyn DiLascio Malyk
Jaclyn DiLascio Malyk
**D'ARCAMBAL OUSLEY & CUYLER BURK, LLP**
Parsippany Corporate Center
Four Century Drive, Suite 350
Parsippany, New Jersey 07054-4663
(973) 734-3200
jmalyk@darcambal.com
Attorney for Plaintiff,
The Prudential Insurance Company of America

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

I hereby certify that I am not aware of any other action pending in any court, or of any pending arbitration or administrative proceeding involving the matter in controversy which is the subject of this action.

Dated:  December 12, 2019              /s/ Jaclyn DiLascio Malyk
                                                                             Jaclyn DiLascio Malyk